UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA

VALDOSTA DIVISION

CASE NO.: 7:15-CV-150

ALLEN COLVIN,

       Plaintiff,

vs.

BRUMBLEY PLUMBING COMPANY LLC
and MICHAEL I. BRUMBLEY,

       Defendants.
_____/

# COMPLAINT
*{Jury Trial Demanded}*

Plaintiff, ALLEN COLVIN ("COLVIN" OR "PLAINTIFF"), through counsel, sues Defendants, BRUMBLEY PLUMBING COMPANY LLC ("BRUMBLEY PLUMBING") and MICHAEL I. BRUMBLEY, ("BRUMBLEY") (collectively, Defendants) and alleges the following:

1.     This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA").

2.     This Court has supplemental jurisdiction over the pendent state law contract claim pursuant to 28 U.S.C. §1367.

3. Plaintiff resides in Thomasville, Georgia and is a past employee of Defendants.

4. At all times material hereto, Defendant, BRUMBLEY PLUMBING, was a domestic for profit limited liability company engaged in the plumbing contracting business, was licensed to transact business in the State of Georgia, conducted business in Thomasville, Georgia, was an "employer" of the Plaintiff within the meaning of 29 U.S.C. §203(d) and at all times material hereto, engaged along with its employees in interstate commerce, and had annual gross sales and/or business volume of $500,000 or more.

5. At all times material hereto, Defendant BRUMBLEY PLUMBING was the "Employer" of Plaintiff as that term is defined under statutes referenced herein and was "Enterprise" as it along with its employees was engaged in interstate commerce as described above and has annual gross sales and/or business volume of $500,000 or more. In furtherance of said business, Defendants' employees including Plaintiff handled, or otherwise worked on goods or materials that have been moved in or produced for such commerce and further utilized equipment/tools to perform the electrical contracting which had also moved in interstate commerce.

6. At all times material hereto, Defendant, MICHAEL I. BRUMBLEY was a resident of Thomasville, Georgia and was, and now is, the managing agent, director and/or owner of Defendant, BRUMBLEY PLUMBING COMPANY LLC; said Defendant acted and acts directly in the interests of the Defendant, BRUMBLEY PLUMBING COMPANY LLC, in relation to said co-Defendant's employees. Defendant effectively dominates BRUMBLEY PLUMBING COMPANY LLC administratively or otherwise acts, or has the power to act, on behalf of the limited liability company vis-a-vis its employees and had the authority to direct and control the work of others. Thus, MICHAEL I. BRUMBLEY was and is an "employer" of the Plaintiff within the meaning of 29 U.S.C. §203(d).

7. In justifiable reliance upon Defendants' representations and promises, Plaintiff accepted employment and worked for Defendants as a plumber at an agreed hourly rate of $10 per hour.

8. From about November 24, 2014 to June 3, 2015, Plaintiff worked at a minimum of 60 hours per week and as much as 80 hours per week with Defendants deliberately failing to pay Plaintiff both his straight

and overtime pay. All overtime hours worked were paid at the straight time rate.

9. Plaintiff has complied with all conditions precedent to bringing this suit, or same have been waived or abandoned.

10. Plaintiff has retained the services of the undersigned and is obligated to pay for the legal services provided.

## COUNT I
## VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")
## (ALL DEFENDANTS)

11. Plaintiff reavers and realleges paragraphs 1-10 herein.

12. Plaintiff alleges this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216 (b), that Plaintiff is entitled to: (i) time-and-a-half overtime pay, and (ii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

13. Plaintiff seeks recovery of damages as referenced above and further seeks interest, costs, and attorney's fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, plus costs, reasonable attorney's fees, and such other remedy as the court deems just and appropriate.

Respectfully submitted,

Loren Law Group
100 S. Pine Island Road
Suite 132
Plantation, FL 33324
Phone:		(954)585-4878
Facsimile:	(954)585-4886
E-Mail:		JLoren@Lorenlaw.com

_____
James M. Loren, Esquire
Ga Bar No.: 551363